UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN D. PUCHNER,

    Petitioner,

v.                                Case No. 22-CV-1229

ERIC SEVERSON and
MIKE MAXWELL,

    Respondents.

---

### RULE 4 ORDER RECOMMENDING DISMISSAL OF PETITION[1]

---

    John D. Puchner, who is currently incarcerated in the Waukesha County Jail, sues Waukesha County Sheriff Eric Severson and Waukesha County Circuit Court Judge Michael P. Maxwell. (Docket # 1.) Puchner characterizes his pleading as a "New Habeas Case" (Docket # 1) and appears to challenge his "1500 days of illegal incarcerations in the Waukesha County Jail" (*id.*) Thus, I will construe Puchner's pleading as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Puchner also moves for leave to proceed without prepayment of the $5.00 filing fee. (Docket # 7.)

    1.    *Motion for Leave to Proceed Without Prepayment of Filing Fee*

    Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the

---

[1] Because the respondents have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." A prisoner seeking to bring a civil action without prepayment of fees must, in addition to filing the affidavit, submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the petition. 28 U.S.C. § 1915(a)(2).

Puchner does not provide a copy of his six-month prison trust fund account statement in this case, but rather directs me to Case No. 22-CV-891 where a copy was filed on August 30, 2022. (Docket # 23 in Case No. 22-CV-891.) Puchner asserts that he is responsible for supporting eight dependents, owns no assets, and has been found to be indigent in four previous cases in this district. (Docket # 7 in Case No. 22-CV-1229.) Puchner states that he owes over $100,000 in back child support and has declared bankruptcy twice. (*Id.* at 4.) Upon review of Puchner's submission, I am satisfied that he has insufficient funds to pay the $5.00 filing fee. Thus, Puchner's motion for leave to proceed without prepayment of the filing fee (Docket # 7) is granted.

    2.    *Screening of Habeas Petition*

Pursuant to Rule 1(b) of the Rules Governing § 2254 Cases, I can apply Rule 4 of such rules, providing for a prompt preliminary review of petitions for habeas corpus, to this case. Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

While Puchner alleges that he has been illegally incarcerated in the Waukesha County Jail for 1500 days (Docket # 1 at 1), neither his "petition," nor his "Motion for Hearing" (Docket # 3) and "Amended Motion to Stay" (Docket # 4), shed any light on the basis for the alleged Constitutional violations. Puchner, however, is a frequent filer in this district, having filed approximately thirty-one lawsuits between November 1993 and October 2022. Thus, I have gleaned the basis of Puchner's claims from multiple recent filings in this district.

By way of background, on May 28, 2021, in Case No. 21-CV-596, Judge J.P. Stadtmueller entered an Order barring Puchner from further filings for three years, except for those filings made in defense of a federal criminal case or applying for a writ of habeas corpus. (Docket # 9 at 5 in Case No. 21-CV-596.) In an apparent attempt to skirt the May 28, 2021 filing bar, Puchner has since filed four documents that he has entitled "habeas petitions," the most recent one before Judge William C. Griesbach in Case No. 22-CV-1203. Judge Griesbach noted that Puchner's more recent wave of lawsuits stems from the May 7, 2021 order of the Waukesha County Circuit Court granting a divorce to Puchner's former spouse. (Docket # 5 at 2 in Case No. 22-CV-1203.) In the same order, the court found Puchner in contempt for failing to comply with court orders and pay certain court-ordered expenses and imposed a sentence of six months and seven days in jail, to be served consecutive to any other sentence. (*Id.*) On May 21, 2021, the court found Puchner in contempt for failing to pay guardian *ad litem* fees, failing to pay court-ordered child support, and violating a court order prohibiting Puchner from emailing the court's clerk. (*Id.*) The court sentenced Puchner to an additional 97 days in jail, to be served consecutive to the prior sentence. (*Id.*)

Then, on March 11, 2022, Puchner was found in contempt in Waukesha County Case No. 2019FA89 and ordered to serve consecutive sentences amounting to 24 months and 14

3

days in the Waukesha County Jail with Huber privileges. (Docket # 22 at 2 in Case No. 22-CV-891.) The sentence was stayed until May 10, 2022 to allow Puchner the opportunity to complete purge conditions; however, following a hearing held on July 26, 2022, the court determined that Puchner failed to comply with the purge conditions. (*Id.*) Puchner filed a habeas petition pursuant to 28 U.S.C. § 2241 in this district, alleging that his current custody violates his rights under the Constitution. (Docket # 1 in Case No. 22-CV-891.) On September 29, 2022, Judge Griesbach dismissed Puchner's § 2241 petition for failure to exhaust state court remedies. (Docket # 36 in Case No. 22-CV-891.) Puchner appealed this decision, and his appeal is currently pending before the Seventh Circuit. (Docket # 52 in Case No. 22-CV-891.)

Puchner's present petition appears to again challenge his current incarceration due to the March 11, 2022 contempt order. As Judge Griesbach recently stated when dismissing Puchner's October 17, 2022 habeas petition, "To the extent Puchner is attempting to challenge his current sentence, this is essentially the same challenge he raised in a previous petition for writ of habeas corpus he filed in this district. *See Puchner v. Severson*, No. 22-C-891 (E.D. Wis.). The court's decision in that case is currently on appeal." (Docket # 5 at 3 in Case No. 22-CV-1203.) Puchner's current petition is nothing more than an additional attempt to challenge his current custody. Puchner is again reminded that this case is on appeal and although the May 28, 2021 filing bar does not preclude the filing of habeas petitions, Puchner should not continue filing documents related to the challenge of his current sentence as it is on appeal. Finally, Puchner is again reminded that he should not attempt to file improper habeas claims to get around the filing bar preventing him from filing any papers, except for those in defense of a federal criminal case or applying for a writ of habeas corpus, in this court.

4

Thus, for these reasons, I recommend that Puchner's habeas petition be denied and this case dismissed.

## RECOMMENDATION AND ORDER

**NOW, THEREFORE, IT IS RECOMMENDED** that Puchner's habeas petition be **DENIED** and the case **DISMISSED**.

**IT IS ORDERED** that Puchner's motion for leave to proceed without prepayment of the filing fee (Docket # 7) is **GRANTED**.

**IT IS ORDERED** that Puchner's motion for hearing (Docket # 3) is **DENIED**.

**IT IS ORDERED** that Puchner's amended motion to stay (Docket # 4) is **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 4th of November, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge