UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN D. PUCHNER,

        Petitioner,

v.
        Case No. 22-cv-1229-pp

ERIC SEVERSON
and MIKE MAXWELL,

        Respondents.

**ORDER OVERRULING OBJECTION (DKT. NO. 11), ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. NO. 9), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On October 18, 2022, the petitioner, representing himself, filed a document captioned "Statement from the Saint Thomas More Society: on *Religious Liberty* STATEMENT ON NEW PRAYER CHAIN FOR THE INTENTIONS AND WISDOM OF THE COURT Motion to ~~reopen~~ hold an expedited hearing the case on religious grounds: Illegal incarceration violates my 1st A rights." Dkt. No. 1. The petitioner named as respondents Eric Severson and Mike Maxwell; in the caption the handwritten notation "New Habeas Case" appears. Id. at 1. The clerk's office assigned the case to Magistrate Judge Nancy Joseph. On November 4, 2022, Judge Joseph construed the petitioner's pleading as a petition for writ of *habeas corpus* under 28 U.S.C §2241 and issued a report recommending that this court dismiss it. Dkt. No. 9. Judge Joseph also denied the petitioner's motion for a hearing and

1

amended motion to stay. Dkt. No. 8 at 5. On November 16, 2022, the court received from the petitioner an objection to the recommendation, dkt. no. 11, followed by additional information in a letter and addendum to his motion to stay, dkt. no. 12, and a supplement, dkt. no. 13. The court will overrule the petitioner's objection, adopt Judge Joseph's recommendation and dismiss the case.

I.   **Background**

   A.   Petition (Dkt. No. 1)

The petitioner did not use the *habeas* form required by this district's Civil Local Rule 9(a). That form is designed to give a court the information it needs to decide whether the petitioner is entitled to relief, including information about whether the petitioner timely requested that relief. Because the petitioner did not use the court form as required by the rules, the petition is missing much of the information that Judge Joseph and this court need to evaluate the procedural posture and legal merits of the pleading.

The pleading named as a respondent Eric Severson; although the petitioner does not explain who Eric Severson is, the Waukesha County Sheriff's Department web site shows that he is the Waukesha County Sheriff. https://www.waukeshacounty.gov/Sheriff. The pleading states that petitioner "patterned all 1500 days of illegal incarcerations in the Waukesha County Jail after the saintly example of both More and his close friend Saint John Fisher the Great." Dkt. No. 1 at 1. As of December 28, 2022, the Waukesha County Sheriff's Department web site's current list of incarcerated persons shows that

the petitioner is in the Waukesha County Huber (work release) facility. https://www.waukeshacounty.gov/jail-division/current-inmate-list/.

The pleading also named as a respondent "Mike Maxwell." Dkt. No. 1 at 1. The body of the pleading references "JUDGE MAXWELL AND THE STATE COURT SYSTEM." Id. at ¶10. The publicly accessible docket for the Waukesha County Circuit Court indicates that circuit court judge Michael P. Maxwell was the judge in Case No. 2019FA000089, In re the Marriage of Marya L. Puchner and John D. Puchner. https://wcca.wicourts.gov (last visited December 28, 2022).

The pleading is two pages long. The majority it discusses St. Thomas More, St. John Fisher the Great, a visit the petitioner made to the Tower of London and his reaction to its history relating to More and Fisher, the petitioner's own religious experiences and language skills, the Red Mass,[1] Martin Luther, Henry VIII and Pope Benedict (presumably XVI). Although the pleading mentions the petitioner's "1st A rights" in the caption, the pleading does not explain how the petitioner's incarceration violates the First Amendment. The pleading characterizes the petitioner's incarceration as illegal, dkt. no. 1 at ¶2, and asserts that Judge Maxwell is a "fallen away Catholic who hates the true Faith just like Luther did." Id. at ¶11. It does not explain the

---

[1] The Red Mass is celebrated annually in the Roman Catholic Church for members of the legal profession, including judges, lawyers, law professors, law students and government officials.

3

relationship between the petitioner's allegedly illegal incarceration and the religious beliefs allegedly held by the judge in his family law case.

   B.   Addendum to motion for stay (Dkt. Nos. 4, 5)

Two weeks after the court received the pleading described above, it received a document captioned, "Addendum to motion for stay—the stay MUST be granted today, I have many religious music performances scheduled this weekend It would violate my civil rights to miss them Statement on 1983 funds—most will go to Haiti!" Dkt. No. 4. This pleading demanded an "immediate stay of the obscene and illegal sentences," and argued that in a previous *habeas* case, "the older judge" had stated that only the Supreme Court could modify divorce orders. Id. at ¶¶1-2. The petitioner disputed this, alleging that the judge had lied. Id. at ¶4. The pleading stated that since the last *habeas* petition, the petitioner had new federal authority that he would "read at our hearing," and that he had new losses in the court of appeals which demonstrated that he had exhausted his state court remedies. Id. at ¶9. The pleading then goes on to discuss federal sentencing statutes and law review articles commenting on those statutes. Id. at ¶10. It then quotes from an article in a publication edited by Magistrate Judge Joseph, provides a copy of the cover of the Milwaukee Sentinel from Wednesday, October 17, 1945 and ends with the words to a holiday song presumably written by the petitioner.

The next day—November 2, 2022—the court received a document captioned "Additional Arguments for a Stay." Dkt. No. 5. This pleading alleged that on May 5, 2021, the petitioner had suffered a heart attack, been treated

4

with an emergency stent and had been given a large dose of narcotics in the recovery room/intensive care unit. Id. at ¶1. The pleading asserted that at that time, Judge Maxwell (to whom he refers in this pleading as "Papa Doc") "bellowed (into American History Books) 'I DON'T BELIEVE YOU'RE IN A HOSPITAL, I SWEAR YOU IN NOW, RAISE YOUR RIGHT HAND, GIVE TESTIMONY, GIVE ARGUMENTS...'" Id. The pleading indicated that at "our hearing this week," the petitioner would read the transcript. Id. The pleading asserted that Judge Maxwell delayed in ruling on a motion to reconsider, preventing the petitioner from appealing. Id. at ¶¶5-7.

Pages 2-3 of the pleading discussed and quoted from various Seventh Circuit and state court decisions. The fourth page appears to be an additional pleading discussing the assassination of the Haitian president and the economic and physical deprivation suffered by the Haitian people; it asserted that when the petitioner wins his cases, most of the millions of dollars he will receive will go to the people of Port au Prince, Haiti. Id. at 4. The final page is a Waukesha County Jail Inmate Communication Form on which someone has written the caption of this case and stating, "Reminder: All the fake orders for bogus contempt give me over 1500 days in jail-%70 have been served. Average time served for 1st ° murder is 5.1 years (Boot) Pray over that, judge, 1500 days for contempt! Hearing?" Id. at 5.

    C.    Report and Recommendation (Dkt. No. 9)

On November 4, 2022, Judge Joseph issued her report, construing the pleading as a *habeas* petition and recommending that the court dismiss it. Dkt.

5

No. 9. Judge Joseph noted that while the petitioner alleged that he had been illegally incarcerated in the Waukesha County Jail for 1,500 days, neither the petition nor the motion for a hearing and amended motion to stay explained what constitutional violations the petitioner believed he had suffered. Id. at 3. Judge Joseph observed that the petitioner filed approximately thirty-one lawsuits in the Eastern District between November 1993 and October 2022. Id. She reviewed the petitioner's most recent federal lawsuits to get a sense of his claims. Id.

Judge Joseph first determined that on May 28, 2021, Judge J.P. Stadtmueller had issued an order barring the petitioner from further filings for three years, except for filings made in defense of a federal criminal case or an application for writ of *habeas corpus*. Id. (citing Case No. 21-cv-596 (E.D. Wis.), Dkt. No. 9 at 5). Judge Joseph observed, however, that since May 27, 2021, "in an apparent attempt to skirt the May 28, 2021 filing bar," the petitioner had filed four documents titled "*habeas* petitions," the most recent being Case No. 22-cv-1203 before Judge William C. Griesbach. Id. Judge Joseph stated that in that case, "Judge Griesbach noted that [the petitioner's] more recent wave of lawsuits stems from the May 7, 2021 order of the Waukesha County Circuit Court granting a divorce to [the petitioner's] former spouse." Id. (citing Case No. 22-cv-1203, Dkt. No. 5 at 2). She explained that the Waukesha County Circuit Court had found the petitioner in contempt for failing to comply with court orders and certain court-ordered expenses; as a consequence, the state court had imposed a sentence of six months and seven days in jail, to be served

6

consecutive to any other sentence. Id. (citing Case No. 22-cv-1203, Dkt. No. 5 at 2).

Judge Joseph recounted the petitioner's other, recent state court proceedings: On May 21, 2021, the Waukesha County Circuit Court found the petitioner in contempt for failing to pay guardian *ad litem* fees, failing to pay court-ordered child support and violating a court order prohibiting the petitioner from emailing the court's clerk; the court sentenced the petitioner to an additional ninety-seven days in jail to be served consecutive to the prior sentence. Id. On March 11, 2022, the petitioner was found in contempt in Waukesha County Case No. 2019FA89 and ordered to serve consecutive sentences totaling twenty-four months and fourteen days in the Waukesha County jail with Huber privileges. Id. at 3-4 (citing Case No. 22-cv-891 (E.D. Wis.), Dkt No. 22 at 2). Judge Joseph explained that the state court stayed that sentence until May 10, 2022 to give the petitioner an opportunity to complete purge conditions, but after a July 26, 2022 hearing the circuit court concluded that the petitioner had not complied with the purge conditions. Id. at 4.

Judge Joseph explained that the petitioner then filed a *habeas* petition in this district under 28 U.S.C. §2241, alleging that his current custody violated his rights under the Constitution. Id. (citing Case No. 22-cv-891, Dkt. No. 1). Judge Griesbach dismissed that petition on September 29, 2022 for failure to exhaust state remedies. Id. (citing Case No. 22-cv-891, Dkt. No. 36). Judge Joseph observed that the petitioner had appealed that decision and that his

7

appeal currently was pending before the Seventh Circuit. Id. (citing Case No. 22-cv-891, Dkt. No. 52).

Judge Joseph opined that the instant petition was "nothing more than an additional attempt to challenge his current custody"—an effort precluded by the fact that his prior attempt before Judge Griesbach to challenge that custody was still pending on appeal. Id. She reminded the petitioner that until the Seventh Circuit resolves his appeal from Judge Griesbach's dismissal of his prior *habeas* petition, he "should not continue filing documents related to the challenge of his current sentence as it is on appeal," and that he should not "file improper habeas claims to get around the filing bar . . . ." Id.

For those reasons, Judge Joseph recommended that this court deny the petition and dismiss the case. Id. at 5.

D. Objection (Dkt. No. 11)

Twelve days after Judge Joseph issued her report and recommendation, the court received from the petitioner a document captioned "APPEAL—to a JUDGE Of the 'recommendation' of N Joseph dated November 4, 2022 CLERK—IT MUST BE JUDGE ***LUDWIG***—THE OTHER JUDGES HAVE ***ETHICS AND MEDICAL CASES*** AGAINST THEM IN CHICAGO." Dkt. No. 11. The pleading cites General Local Rule 72, 28 U.S.C. §636(b)(1)(B), Fed. R. Crim. P. 59(b) "or FRCP 72 (b)." Id. at 1. Most of the pleading does not address the state court order the petitioner is challenging or Judge Joseph's recommendation. It does assert, however, that Judge Joseph never read his "habeas corpus case," and argues that the petitioner "followed the rules and did not provide evidence

or case work and was punished for it." Id. at ¶1. The pleading also asserts that the petitioner has experienced "2 years of constant violations of [his] 14th amendment due process rights." Id. at ¶2. The petitioner takes issue with Judge Griesbach's findings in Case No. 22-cv-891, arguing that he has exhausted his remedies. Id. at ¶5. He asserts that if he has exhausted his remedies, he must be immediately released and given a hearing. Id.

The attachments range from information about a heart condition to a page of a state docket sheet to a photo of judges (including Judge Griesbach) attending a Red Mass to a Christmas poem and a Christmas song. Dkt. No. 11-1.

D. Additional Filings

In early December 2022, the court received from the petitioner a document titled "ADDITIONAL ARGUMENTS FOR A STAY New IT MUST BE TODAY I PERFORM SUNDAY AT THE CHRISTMAS PARADE IF A STAY IS NOT GRANTED IT WILL BE JUST LIKE RUNNING OVER THE GRANNIES....AGAIN!" Dkt. No. 12. In this document, the petitioner reiterated his claim that he had a heart attack and, while on opioid medication, was forced to swear and give arguments over the phone. Id. at 1. Five days later, the court received from the plaintiff a document titled "Addendum to motion for stay—Rule 4 documents." Dkt. No. 13. In this document, the petitioner asserts that orders from the Supreme Court and the Court of Appeals show that he has exhausted all his state remedies. Id. The petitioner attached two orders—a September 13, 2022 order from the Wisconsin Supreme Court denying his motions to stay two

9

appeals and part of a December 5, 2022 order from the Wisconsin District II Court of Appeals denying requests to consolidate appeals from circuit court refusals to waive the costs of transcripts. Dkt. No. 13-1.

## II. Analysis

### A. Legal Standard

The Federal Rules of Civil Procedure apply in *habeas* cases. Rule 12, Rules Governing Section 2254 Cases in the United States District Court. Rule 72(b)(1) allows a district court to refer a case to a magistrate judge, who then "conduct[s] the required proceedings" and "enter[s] a recommended disposition." Fed. R. Civ. P. 72(b)(1). A dissatisfied party has fourteen days from the date the magistrate judge issues the recommendation to file "specific written objections." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which an objection is made"). The petitioner must specify "each issue for which review is sought," but need not specify "the factual or legal basis of the objection." Johnson v. Zema Sys. Corp., 170 F.3d 734, 741 (7th Cir. 1999). The district court is required to conduct a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." Id. at 739. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Id. (citations omitted). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm

10

conviction that a mistake has been made." Wees v. Samsung Heavy Indus. Co. Ltd., 126 F.3d 925, 943 (7th Cir. 1997).

B. <u>Analysis</u>

The petitioner titled his November 16, 2022 filing an "appeal," and demanded that it be assigned to Judge Ludwig. Dkt. No. 11. But a party cannot "appeal" from a magistrate judge's report and recommendation; the statute and the rules allow a party to file an objection to that report and recommendation within fourteen days of its issuance. The court received the November 16, 2022 filing twelve days after Judge Joseph issued her report and recommendation. The court construes the petitioner's November 16, 2022 filing as an objection, and finds that it was timely.

The objection cites General Local Rule 72 of this court. Dkt. No. 11 at 1. That rule describes the duties of magistrate judges, and subsection (c)(1) provides that a party may object to a determination by a magistrate judge by filing such an objection within fourteen days. As the court stated above, the court finds that the petitioner has complied with that rule. Similarly, the objection cites 28 U.S.C. §636(b)(1)(B). Dkt. No. 11 at 1. That statute states that a district judge may designate a magistrate judge to submit to the judge proposed findings of fact and recommendations for disposition of criminal post-trial motions and "prisoner petitions challenging conditions of confinement." This section does not provide the petitioner a basis for relief. The objection references Fed. R. Crim. P. 59(b). Dkt. No. 11 at 1. The Federal Rules of Criminal Procedure govern criminal proceedings in federal courts; a *habeas*

11

petition is a civil proceeding, not a criminal proceeding. See Johnson v. Chandler, 487 F.3d 1037, 1038 (7th Cir. 2007) ("A petition for habeas corpus relief is not part of the criminal proceeding, and it is generally considered to be a civil case.")[2]

But the objection also cites Fed. R. Civ. P. 72(b). Dkt. No. 11 at 1. Rule 72(b)(2) provides that within fourteen days after being served with a copy of a magistrate judge's report and recommendation, a party "may serve and file *specific* written objections to the proposed findings and recommendation." (Emphasis added.) This rule *does* apply to the petitioner, and he did not comply with it. The petitioner has not made *specific* objections to Judge Joseph's report and recommendation. While the petitioner accuses Judge Joseph of not reading his petition and reiterates that he wants a hearing, he has not addressed the specific bases for her recommendation: the fact that Judge Griesbach's dismissal of his prior *habeas* petition seeking relief from the contempt sentence was still on appeal when Judge Joseph wrote her recommendation, and the that the instant petition seeks to challenge the same sentence that the petitioner sought to challenge in the case that is on appeal. Because the petitioner did not make specific objections to any portion of Judge

---

[2] The last paragraph of Judge Joseph's report and recommendation referenced Fed. R. Crim. P. 59(b), because that paragraph is a "multi-purpose," stock paragraph designed to advise any individual seeking to object to a magistrate judge's report and recommendation—whether in a criminal or a civil case—of the procedure for objecting.

12

Joseph's report and recommendation, this district court reviews that report and recommendation for clear error.

None of Judge Joseph's conclusions were clearly erroneous. As did Judge Joseph, the court has reviewed the petitioner's more recent cases. Judge Joseph is correct that the petitioner has filed some thirty-one civil lawsuits and *habeas* petitions in this district. She is correct that in Case No. 22-cv-891, the petitioner asserted that the sentence he was serving as a result of being found in contempt in Waukesha County Circuit Court was unlawful. Case No. 22-cv-891, Dkt. No. 1. She is correct that on September 29, 2022, Judge William C. Griesbach dismissed that petition because at the time he filed it, the petitioner had a motion for reconsideration pending in the contempt proceeding in state court. Id., Dkt. No. 36 at 2. She is correct that at the time she issued her report and recommendation—November 4, 2022—the petitioner's appeal of Judge Griesbach's dismissal remained pending before the Seventh Circuit. Puchner v. Griesbach, Case No. 22-2821 (7th Cir.). In fact, that appeal is still pending before the Seventh Circuit. Judge Joseph was correct to recommend that, because the petitioner already has challenged his incarceration in the case before Judge Griesbach and that case has not been finally resolved, he cannot simultaneously challenge that incarceration in this case. That recommendation is not clearly erroneous, and it is legally correct.

Even if the court were to review Judge Joseph's recommendations under a *de novo* standard, it would come to the same conclusion. As an initial matter, the court construes the petitioner's pleading as a *habeas* petition filed under

13

28 U.S.C. §2254 because the petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. §2254(a). See Puchner v. Kruziki, 111 F.3d 541, 543 (7th Cir. 1997) (in which the Seventh Circuit concluded that the petitioner in this case was "in custody" for the purposes of §2254 when he was serving a remedial contempt sentence for failure to pay child support). A §2254 petition must meet certain requirements before a federal court can address the merits of the claim.[3] As Judge Griesbach and Judge Joseph have explained, one such requirement is the 28 U.S.C. §2254(b)(1)(A) exhaustion requirement, which forbids a district court from granting *habeas* relief unless the petitioner has "exhausted the remedies available in the courts of the State." The exhaustion doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," so a person in custody under the judgment of a state court "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This "full opportunity" "includes presenting the claims to the state's highest court in a petition for discretionary review." Hicks v. Hepp, 871 F.3d 513, 530 (7th Cir. 2017) (citing O'Sullivan, 526 U.S. at 845). A claim is not "exhausted" if

---

[3] Although it is not relevant to Judge Joseph's recommendation, the petition violates one of those requirements by naming as a respondent Judge Maxwell. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires a petitioner currently in custody under a state-court judgment to name as the respondent "the state officer who has custody." That is Sheriff Severson. Judge Maxwell does not have custody of the petitioner.

14

Case 2:22-cv-01229-PP   Filed 12/29/22   Page 14 of 18   Document 14

the petitioner still "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c). The only exception to the exhaustion requirement is when "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§2254(b)(1)(B)(i)-(ii).

Despite the petitioner's insistence, he has not exhausted his state-court remedies. As Judge Griesbach observed in his order dismissing the petitioner's August 4, 2022 *habeas* petition, on August 3, 2022 (the day before he filed that federal petition), the petitioner filed a notice of appeal in his family court case indicating that he was appealing "all orders of the court in the above-captioned case including: 7-27-22, the 'hearing' order of 7-26-22, the 'arrest orders' of 7-1-22, 5-11-22, and 2 orders from 4-4-22." Case No. 22-cv-891, Dkt. No. 36 at 3. The court has reviewed the publicly available docket for the Wisconsin Court of Appeals and the Supreme Court. As of December 28, 2022, the petitioner's appeal of the circuit court's contempt finding remains open and pending in the District II Court of Appeals. See Puchner v. Puchner, Case No. 2022AP001318; the petitioner also has another open appeal in his divorce case: Puchner v. Puchner, Case No. 2022AP001708, filed September 22, 2022. (available at https://wscca.wicourts.gov/). Neither of those cases have been fully resolved; while the Wisconsin Court of Appeals may have issued orders on discreet issues, such as requests to consolidate or requests for transcripts, it has not either affirmed or reversed the Waukesha County Circuit Court's contempt

15

order. Because the court of appeals has not made a final decision on the *merits* of the petitioner's appeal, he cannot yet present his claims to the Wisconsin Supreme Court for discretionary review. Until the Wisconsin Court of Appeals either affirms or reverses the Waukesha County Circuit Court, *and* the Wisconsin Supreme Court either accepts a petition for review of that decision and rules on the merits or declines to accept the petition for review, the petitioner has not exhausted his state court remedies.

More relevant to the case before this court, Judge Joseph has recommended that this court dismiss the instant *habeas* petition because it seeks the same relief as the petition Judge Griesbach dismissed for failure to exhaust. The petitioner has appealed Judge Griesbach's decision, and that appeal remains pending before the Seventh Circuit. In essence, the petitioner has *two* petitions pending at the same time before two courts, both seeking the same relief. The petitioner filed the petition before this court because he did not agree with the ruling he received on the petition he filed before Judge Griesbach. That is his right, but the remedy for a litigant who does not agree with a district court judge's ruling is to appeal to the Seventh Circuit, not to go to another district judge in the hope of getting a different result. In fact, 28 U.S.C. §2244(b)(1) states that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." If a petitioner believes he has a valid basis for filing a second or successive *habeas* petition, §2244(b)(3)(A) requires the petitioner to make a motion in the appropriate court of appeals, seeking

16

permission to file the second or successive petition in the district court. There is no indication that the petitioner sought permission from the Seventh Circuit to file this second petition.

Because the petitioner filed this unauthorized, second petition while the appeal of the dismissal of his first petition was (and is) still pending, this court must dismiss the petition. Judge Joseph did not commit clear error—or any error—in making that recommendation, and this court will adopt it.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000). No reasonable jurist could debate that this court must dismiss a second petition filed while the appeal from the dismissal of the first petition seeking the same relief is pending.

### IV. Conclusion

The court **OVERRULES** the petitioner's objection. Dkt. No. 11.

The court **ADOPTS** Judge Joseph's report and recommendation in full. Dkt. No. 9.

17

The court **DISMISSES** the petition for writ of *habeas corpus*. Dkt. No. 1.

The court **ORDERS** that this case is **DISMISSED.** The clerk will enter judgment accordingly.

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 29th day of December, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**